IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GLEN R. JEFFERY, JR.,

    Plaintiff,

v.

AUSTIN R. SCHLACHTER, et al.

    Defendants.

ORDER

Case No. 24-cv-309-jdp

---

On May 13, 2024, I entered an order assessing plaintiff Glen R. Jeffery, Jr., an initial partial payment of the filing fee in the amount of $19.22. Now plaintiff has filed a motion for reconsideration. Dkt. 5. Plaintiff requests that I recalculate his initial partial payment without considering his release account funds. Plaintiff references his cases 23-cv-847 and 23-cv-848, where the filing fee calculations did not include his release account funds, but those calculations were based on the trust fund account statements that plaintiff actually submitted in those cases — statements that did not include a release account balance. I will deny the motion for reconsideration for the following reasons:

In 28 U.S.C. § 1915(b)(1), Congress established a formula to determine the filing fee for a federal civil action by a prisoner seeking leave to proceed *in forma pauperis*. The statute says, "The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of — (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint."

In calculating the initial partial payment in this case, I used the account statement that plaintiff submitted on May 10, 2024. I determined that his total average monthly balance, including release account funds, was $96.12. Twenty percent of that is $19.22.

I will deny the motion for reconsideration, and I will give plaintiff an extension of time, until June 21, 2024, to submit the $19.22 initial partial payment. If plaintiff does not have enough money in his regular inmate account, then he should arrange with prison authorities to make the payment from his release account. However, prison officials will draw funds first from his regular account, and then, if any portion of the initial partial payment remains, from his release account. *Carter v. Bennett*, 399 F. Supp. 2d 936 (W.D. Wis. 2005). Federal courts have no authority to order state officials to allow a prisoner to withdraw funds from a release account for any other purpose. *Id.*

ORDER

IT IS ORDERED that:

1. Plaintiff Glen R. Jeffery, Jr.'s motion for reconsideration of the initial partial filing fee is DENIED.

2. Plaintiff may have an extension of time, until June 21, 2024, to submit a check or money order payable to the clerk of court in the amount of $19.22.

3. If plaintiff fails to make the initial partial payment by June 21, 2024, or fails to show cause why the payment could not be made, then I will assume that he wishes to withdraw this case voluntarily. In that event, the case will be dismissed without prejudice.

Entered this 24th day of May, 2024.

BY THE COURT:

/s/
ANDREW R. WISEMAN
United States Magistrate Judge